UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

George Allicon

    v.                                       Case No. 21-cv-1042-JL

Kilolo Kijakazi, Acting Commissioner,
Social Security Administration

**REPORT AND RECOMMENDATION**

Pro se plaintiff George Allicon, appearing in forma pauperis, brings this action against the Acting Commissioner of the Social Security Administration ("SSA" or "the Commissioner"),[1] seeking reinstatement of certain benefits. The matter is before the court for preliminary review. See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).[2]

---

[1] Mr. Allicon named "U.S. Social Security" in the caption of his Amended Complaint. The court construes the Amended Complaint as naming the Acting Commissioner, as he is the only proper party in a Social Security appeal brought in federal court. See Balodis v. Leavitt, 704 F. Supp. 2d 255, 256 n.1 (E.D.N.Y. 2010).

[2] The court previously ordered (Doc. No. 7) Mr. Allicon to amend his Complaint (Doc. No. 1) to include information related to whether he was challenging a final decision of the Commissioner and whether his Complaint was timely. Mr. Allicon filed an Amended Complaint (Doc. No. 8) and a motion for "full retribution of earned insurance money." (Doc. No. 9). The court construes the latter document as a complaint addendum. The court also includes the allegations from Mr. Allicon's original Complaint and his Motion for Relief (Doc. No. 3) in its analysis.

**Standard**

This court conducts a preliminary review of complaints filed in forma pauperis. See 28 U.S.C. §1915(e)(2). Claims may be dismissed sua sponte, if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint fails to state a claim upon which relief may be granted. See id. In considering whether the complaint states a claim, the court determines if, stripped of legal conclusions and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In undertaking this review, the court is mindful that pro se complaints must be construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Discussion**

As was the case with his original Complaint, Mr. Allicon's Amended Complaint and addendum are not clear or organized. The gist of Mr. Allicon's allegations appears to be that an Administrative Law Judge ("ALJ") improperly denied him a portion of Supplemental Security Income benefits in 1994, something he

did not realize until 2019, when he submitted information to the SSA to support his continuing eligibility for the benefits he was previously awarded. Am. Compl. (Doc. No. 8) at 2; Redetermination summary (Doc. No. 8-1).

A. Administrative Remedies

Pursuant to 42 U.S.C. § 405(g), a claimant can seek judicial review of "any final decision" of the Commissioner "made after a hearing[.]" Social Security claimants must generally proceed through a four-step process before they can obtain review from a federal court. First, the claimant must seek an initial determination as to his eligibility. Second, the claimant must seek reconsideration of the initial determination. Third, the claimant must request a hearing, which is conducted by an ALJ. Fourth, the claimant must seek review of the ALJ's decision by the Appeals Council. Smith v. Berryhill, 139 S. Ct. 1765, 1772 (2019); 20 CFR § 416.1400. If a claimant has proceeded through all four steps on the merits, § 405(g) entitles him to judicial review in federal district court. Id.; see Wilson v. Sec'y of Health & Human Servs., 671 F.2d 673, 677 (1st Cir. 1982) (noting that a claimant must exhaust administrative remedies on the denial of benefits, and obtain a final decision of the SSA Commissioner before seeking relief in

federal court); see 20 C.F.R. § 404.900(b) (noting that if a claimant do[es] not take the next step within the stated time period he loses his right to further administrative review and to judicial review, unless he can show good cause for his failure to make a timely request for review).

Nothing in the record before the court suggests that Mr. Allicon has sought review of the ALJs decision regarding the alleged benefit shortfall in light of the information he discovered in 2019, or that he has good cause for the failure to do so. This failure deprives the court of subject matter jurisdiction over Mr. Allicon's claim.

B.  Statute of Limitations

In addition to the requirement of administrative review, a complaint challenging a final decision of the Commissioner of Social Security must be filed within 60 days of the claimant's receipt of the notice of decision. See 42 U.S.C. § 405(g); 20 C.F.R. § 422.210. "[T]he statute of limitations embodied in § 405(g) is a mechanism by which Congress was able to move cases to speedy resolution in a bureaucracy that processes millions of claims annually. Thus, the limitation serves both the interest of the claimant and the interest of the Government." Bowen v. City of New York, 476 U.S. 467, 481 (1986). Though the sixty-

4

day limit is non-jurisdictional, it is a condition on the waiver of sovereign immunity and, thus, is strictly construed. Id. at 479. Consequently, 42 U.S.C. § 405(g) "generally precludes late judicial challenge to the denial of benefits." Piscopo v. Sec'y of Health & Human Servs., No. 93-2326, 1994 WL 283919 at *3 (1st Cir. June 27, 1994). The limitations period, however, is subject to equitable tolling if the requirements of that doctrine are satisfied. Bowen, 476 U.S. at 480. A claimant is entitled to equitable tolling only upon showing: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010); Jobe v. I.N.S., 238 F.3d 96, 100 (1st Cir. 2001) ("The fundamental principle is that equitable tolling is appropriate only when the circumstances that cause a [party] to miss a filing deadline are out of his hands.") (quotation marks omitted).

There is nothing in the record before the court suggesting a basis for applying equitable tolling to the limitations period applicable to a decision rendered in 1995, or Mr. Allicon's 2019 "discovery." Indeed, Mr. Allicon alleges that he "accepted but disagreed" with the ALJ's 1995 decision. Pltff. Mot. (Doc. No. 9) at 1. In addition, while Mr. Allicon cites deficiencies in his then-attorney's performance in handling the disability claim

in 1995, he notes that he never followed up with those lawyers after instructing them to appeal, as he was "indisposed in another state [for] a lengthy period." Id. at 4, 7. Finally, Mr. Allicon notes that he again appeared before the same ALJ in 2001, and he received some amount toward his original disability claim. Id. at 8. Taken together, and added to his failure to seek any relief after his 2019 discovery, these instances covering more than twenty years demonstrate that Mr. Allicon has neither been "pursuing his rights diligently," nor been subject to "extraordinary circumstances [that] stood in his way." Holland, 560 U.S at 649.

## Conclusion

Based on the foregoing, the district judge should dismiss this case for lack of subject matter jurisdiction, or, in the alternative for failure to state a claim, as it appears that Mr. Allicon has filed this suit well beyond the expiration of the statute of limitations.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion.

Only those issues raised in the objection(s) to this Report and Recommendation are subject to review in the district court. See Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010). Any issues not preserved by such objection(s) are precluded on appeal. See id. Failure to file any objections within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

                                                                      _____
                                                                      Andrea K. Johnstone
                                                                      United States Magistrate Judge

March 9, 2022

cc: George Allicon, pro se